## MICHEL GERIN v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

### June 30, 1916.

### Nos. 19,826—(172).

**Negligence — verdict sustained.**

    1. The evidence was sufficient to sustain the verdict on the issue of defendant's negligence.

**Contributory negligence.**

    2. It did not conclusively appear that plaintiff was guilty of contributory negligence, and the verdict in his favor is sustained by the evidence.

**Carrier — limit of liability for negligence invalid.**

    3. Plaintiff rode in a car in which his household goods and horses were being shipped over defendant's road. The shipping contract provided that the liability of defendant for injuries to the person of the shipper should be limited to $500. It is *held* that this attempt of defendant to limit its liability for its negligence was void.

**Carrier — claim for personal injury — limitation invalid.**

    4. A provision of the contract that no claim for injury to the person

[1]Reported in 158 N. W. 630.

---

Note.—As to carrier's duty generally to caretaker accompanying shipment of live stock, see notes in 22 L.R.A. 794; 31 L.R.A.(N.S.) 632.

As to validity of stipulation in pass limiting carrier's liability, see note in 37 L.R.A.(N.S.) 235.

of the shipper should be valid, unless presented in writing to the company within four months, *held* unreasonable and void.

**Carrier — clause of contract immaterial.**

5. A provision of the contract that the shipper agrees to ride in the caboose while the train is in motion *held* to have no bearing under the evidence in this case.

**Charge to jury.**

6. It was not error to instruct the jury that plaintiff was being carried as a passenger.

Action in the district court for Blue Earth county against defendant corporation and William Brossard to recover $30,000 for personal injuries. The answer alleged that by the shipping contract of defendant company it was agreed that in case of any injury to the owner or person in charge of stock shipped over its road defendant company should not be liable in any amount exceeding $500. The case was tried before Comstock, J., who at the close of the trial dismissed the action against defendant Brossard, and a jury which returned a verdict for $5,500. From an order denying the motion of defendant company for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Pfau & Pfau, H. A. Johnson* and *C. J. Laurisch,* for appellant.

*J. E. Regan* and *S. B. Wilson,* for respondent.

BUNN, J.

Plaintiff received a verdict of $5,500 in this action to recover for personal injuries, and defendant appeals from an order denying a new trial.

The assignments of error challenge the sufficiency of the evidence to sustain the verdict on the issues of negligence, and contributory negligence, various rulings of the trial court on the admission of evidence, in the instructions given, and in the refusal to give requested instructions. The precise nature of the questions involved will be better understood after the facts are stated.

December 1, 1913, plaintiff, who lived at Kenyon, Minnesota, arranged with defendant's agent in that city, for the transportation in a freight car of plaintiff's household goods, three horses and a lumber wagon, from Kenyon to Mankato. Plaintiff paid the freight charges and signed a shipping contract presented to him by the agent. Plaintiff's

testimony is that he could not and did not read the provisions of this contract, which were, as far as here relied on by defendant, in substance as follows: (1) A provision limiting the liability of defendant for injuries to the person of the shipper to the sum of $500; (2) a provision requiring notice of any claim for personal injuries to be presented in writing to the company within four months; (3) a provision by which the shipper and person in charge of the stock agree to ride in the caboose at all times while the train is in motion, whether at or between stations, and not to walk over or ride upon other cars of such train while in motion, or to subject themselves to danger by getting on or off moving trains.

The agent gave plaintiff transportation for himself, and plaintiff purchased a ticket to Faribault for the man who accompanied him to help care for the horses and furniture. The agent informed plaintiff that he and his man could ride in the car with the stock and furniture. When plaintiff and his man took the train at Kenyon, the conductor looked at plaintiff's transportation and took the man's ticket, asking as he did so if they were both going to ride in the car, to which they replied in the affirmative, the conductor saying nothing further. The train left Kenyon and arrived at Farmington about 11 o'clock p. m. At Faribault plaintiff bought a ticket to Farmington for his man and the conductor took up this ticket, both plaintiff and his assistant riding in the car at the time. Farmington is a junction point, and the car remained there until 6 o'clock a. m. when it was hauled to Mankato. While the car, with its freight, human and otherwise, was standing in the yards at Farmington, it was jolted and bumped several times, knocking down the furniture, frightening and rendering fractious the horses, and throwing down one of them. This was about midnight. Plaintiff opened the sliding door of the car with the purpose of talking to the trainmen to see if the jolts could be stopped. As he stood in the doorway looking to see which way the engine was, another hard bump came, throwing the door shut, catching plaintiff's head between the door and its casing; the door was thrown off its track at the top, and plaintiff was held so he could not extricate himself without help, which finally came from his assistant. Plaintiff claims to have suffered a severe injury to his head in this accident, and injuries to his leg and arm. On arriving at Mankato plaintiff made no complaint of his injuries, but spent the rest of that day and part of

the next in helping unload his horses and furniture. He later consulted a physician, who gave him a liniment. It is plaintiff's claim that he afterwards developed diabetes and Bright's disease as results of the accident, and that he has a running sore on the leg, which heals and then breaks out again in other places. With this statement of the facts we come to the questions involved on this appeal.

1. It is urged that there is no evidence to prove that the accident was caused by any negligence on the part of defendant. We hold that there was evidence of defendant's negligence, and that it was sufficient to justify the decision of the jury on this issue. The jury was justified in believing the facts to be as we have detailed them, and it needs no argument to prove that this belief justified a finding of negligent handling of the car while it was in the yards at Farmington, and that this was the proximate cause of the accident. The story of plaintiff and his witness is not so inherently improbable, so against common experience or the physical facts, that we are warranted in refusing to accept the verdict.

2. Nor do we sustain the claim that it conclusively appears that plaintiff was guilty of contributory negligence in being in the car at the time he was, or in opening the door in the effort to get the trainmen to stop the bumping that was likely to seriously injure his horses. The train was not in motion, and we cannot say that plaintiff ought to have apprehended as reasonably possible such an accident as that which happened. We hold that the question of plaintiff's negligence was for the jury, and that the evidence was sufficient to sustain the verdict on this issue.

3. We come now to a consideration of the force and effect of the provisions of the shipping contract summarized in the statement of facts. Plaintiff testified that he could not read, so told the agent, and that the contract was not read or explained to him. But in the view we take of its provisions, it is not necessary to consider the bearing of this evidence on the question whether the contract was honestly and fairly made. First as to the condition limiting the liability of defendant to $500 for injuries to the person of the shipper. The purpose of this provision was very plainly, merely to limit the amount of the carrier's liability for its negligence. It is very clear under our prior decisions that this limitation

is void.  We need but refer to the able discussion of the subject by the late Justice Mitchell in Alair v. Northern Pac. R. Co. 53 Minn. 160, 54 N. W. 1072, 19 L.R.A. 764, 39 Am. St. 588, the cases there cited, and Tredway v. Western Union Telegraph Co. supra, page 252, 158 N. W. 247.  It is not material that the shipper pays no fare outside of the freight charges, and is carried merely to accompany the stock shipped. 6 Cyc. 578.

4.  As to the provision that no claim for injury to the person in charge of the shipment shall be valid unless presented to the company in writing within four months, we might well dispose of the assignment of error based thereon by saying that this provision was not set up in the answer, or presented in any way to the trial court as a ground of nonliability on the part of defendant.  Murphy v. Wells-Fargo & Co. Express, 99 Minn. 230, 108 N. W. 1070.  But we prefer to say that in our opinion this limitation is unreasonable and therefore void, as applied to a claim for personal injuries, the character and extent of which it is often impossible to ascertain within such a short time.  The validity of a limitation on the time within which a claim for loss or damage to property transported by common carrier must be presented, depends altogether upon whether such limitation is a reasonable one.  In a case of injuries to the person, quite different considerations are involved than in cases of damage to property, the extent of which is usually known at once.  As this provision requires in all cases notice within four months of the claim for personal injuries to the shipper, and as in many cases the nature of the injury would make it impracticable to give notice within the specified time, we hold that the provision is unreasonable and void.  6 Cyc. 506, and cases cited.

5.  The provision of the shipping contract that the shipper agrees to ride in the caboose car at all times while the train is in motion has no bearing on the case.  The train was not in motion at the time of the accident, and it is hardly in controversy that plaintiff and his man were riding in the car with the furniture and stock, with the knowledge and acquiescence of defendant's agent and the conductor.  The provision was never intended to forbid this, and in any event was waived.

6.  Error is predicated upon the trial court's charge that plaintiff was being carried as a passenger.  That he was a trespasser, or a mere licensee, is not claimed.  We think the instruction was correct.  Plaintiff was en-

titled to the rights of a passenger, and defendant owed him the same duty of protection that it would owe to a passenger on a freight train. 6 Cyc. 545, and cases cited.

This covers all of the claims of error in the court's rulings that we consider worthy of special mention. The other errors assigned have been considered and we find no ground for saying that any prejudicial error was committed.

It is perhaps singular that plaintiff's injuries should prove so serious. But it is not for us to say they did not justify the substantial verdict rendered, especially as the question of excessive damages does not seem to be argued in the briefs or presented by any assignment of error.

Order affirmed.