LUKE J. MURRAY, Respondent, *v.* THE CUNARD STEAMSHIP COMPANY, LTD., Appellant.

First Department, March 17, 1922.

Ships and shipping — action for injury to passenger — carrier cannot exempt itself from liability for negligence without consideration — limitations of actions — limitation which required passenger to give notice of claim within forty days after debarkation unreasonable, especially where limitation not in contract signed and retained by passenger.

A passenger on a steamship may debar himself by a contract, founded upon a sufficient consideration, from any claim for damages for injuries to his person occasioned by the negligence of the carrier during the course of transportation, but in the absence of any consideration moving to the passenger for his agreement to release the carrier, and to assume the risk of injury from the negligence of the carrier, said agreement is invalid and unenforcible, and the carrier is not relieved of its common-law liability for negligence.

In the instant case there was no evidence offered of any consideration moving to the passenger; it is not stated that the ticket was sold at a reduced rate, nor was it shown that there was a higher rate which the passenger could have paid and secured the full protection of the carrier's liability. Without an alternative between rates which the passenger could elect, the exemption of the carrier from liability is the arbitrary and unreasonable demand of the carrier to be relieved of its common-law liability, to which, as there was no alternative to demur, the passenger was not required, and will not be deemed, to have consented.

The mere statement in the ticket that "the price of passage hereunder has been fixed partly with reference to the liability assumed by the company as defined by this contract" is not of itself sufficient to show any consideration for an exemption from liability for the carrier's negligence.

The limitation in the ticket to the effect that no action could be maintained for any injury to a passenger unless written notice of the claim be delivered to

the company within forty days after debarkation, was an unreasonable limitation as to time, especially in view of the fact that the contract was not signed by both parties nor was it delivered to and retained in the possession of the passenger, who was not discharged from a hospital in a foreign country until after the time limited had expired.

SMITH and GREENBAUM, JJ., dissent.

APPEAL by the defendant, The Cunard Steamship Company, Ltd., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of July, 1921, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the 13th day of July, 1921, denying defendant's motion for a new trial made upon the minutes.

*Lord, Day & Lord* [*Thaddeus G. Cowell* of counsel], for the appellant.

*Richard Welling* [*Moses Feltenstein* of counsel; *Louis J. Greenburg*, with him on the brief], for the respondent.

PAGE, J.:

The action is to recover damages for personal injuries suffered by the plaintiff by reason of the defendant's negligence. The plaintiff purchased a ticket for a cabin passage on the steamship *Mauretania* from New York to Southampton, Eng., and sailed April 24, 1920. Four days later he sustained injuries which the jury, upon sufficient evidence, has found was caused solely by the negligence of the defendant. The case was submitted to the jury with a charge to which no exception was taken. No exceptions to the admission or rejection of evidence are presented by the appellant on this appeal.

The appellant claims that its motions to dismiss the complaint should have been granted because of clauses in the passage ticket exempting it from liability for injuries caused by negligence, and a short limitation on the right to commence actions against the company for damages.

At the top of the ticket was printed: "The attention of the passenger is specially directed to the terms and conditions of this contract." Across the ticket was stamped or printed in red ink: "It is mutually agreed that this contract ticket is issued by the company and accepted by the passenger on the following terms and conditions." Printed in small type are sixteen terms and conditions, two of which read as follows:

"2. The Company will use all reasonable means to ensure the ship being sent to sea in a seaworthy state and well found but shall not otherwise be held liable for * * * injury to the passenger * * * arising from * * * negligence of the

Company's servants or agents, whether on board the steamer or ashore, in the navigation or management of the steamer or otherwise, defect in the steamer, machinery, gear or fittings, whether existing at the time of sailing or otherwise, or from any cause of whatsoever nature beyond the Company's control. * * *

" 9. The price of passage hereunder has been fixed partly with reference to the liability assumed by the Company as defined by this contract, and no agreement, alteration or amendment creating any other or different liability shall be valid unless made in writing and signed for the Company by its Chief Agent in New York or Boston."

By reason of these clauses the company claims exemption from liability for the damages sustained by the plaintiff. While there is a distinction between the ordinary railroad ticket and a passage ticket for an ocean voyage, in that the former may be frequently treated as a token, while the latter partakes more of the character of a contract (*Tewes* v. *North German Lloyd S. S. Co.*, 186 N. Y. 151, 155), nevertheless, both evidence the assumption by the carrier of the obligation to transport the passenger with safety in so far as human care and foresight can accomplish it.

It is the rule, recognized by the United States Supreme Court, and many of the courts of the various States, that this is an obligation imposed by law and that it is not competent for the carrier to contract that he shall not be liable for injuries sustained by the passenger caused by the carrier's negligence or that of its servants. Mr. Justice HUGHES, writing for the court, said: " It is the established doctrine of this Court that common carriers cannot secure immunity from liability for their negligence by any sort of stipulation [citations]. The rule rests on broad grounds of public policy justifying the restriction of liberty of contract because of the public ends to be achieved. The great object of the law governing common carriers was to secure the utmost care in the rendering of a service of the highest importance to the community. A carrier who stipulates not to be bound to the exercise of care and diligence ' seeks to put off the essential duties of his employment.' " (*Santa Fe Railway* v. *Grant Bros.*, 228 U. S. 177, 184.) The courts of this State on the contrary have held that a passenger may debar himself, by a contract founded upon a sufficient consideration, from any claim for damages for injuries to his person or property occasioned by the negligence of the corporation during the course of transportation. (*Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 562, 573.) There must be a consideration moving to the passenger for his agreement to release the carrier, and himself assume the risk of injury from the negligence of the carrier. (*Bissell* v.

*N. Y. C. R. R. Co.*, 25 N. Y. 442, 449.)  The cases bearing upon these questions will be found collected in the opinion of Mr. Justice (now Presiding Justice) CLARKE in *Willcox* v. *Erie Railroad Co.* (162 App. Div. 94).

In the instant case there was no evidence offered of any consideration moving to the passenger; it is not stated that the ticket is sold at a reduced rate, nor was it shown that there was a higher rate which the passenger could have paid and secured the full protection of the carrier's liability.  Without an alternative between which and the rate charged the passenger could elect, the exemption of the carrier from liability is the arbitrary and unreasonable demand of the carrier to be relieved of its common-law liability, to which, as there was no alternative to demur, the passenger was not required, and will not be deemed, to have consented.  The mere statement in the ticket that " the price of passage hereunder has been fixed partly with reference to the liability assumed by the Company as defined by this contract," is not of itself sufficient to show any consideration for an exemption from liability for the carrier's negligence.

The cases relied upon by the appellant are authority for the ability of the company to limit its liability by a proper contract, which is an entirely different proposition from that involved in the instant case of an exemption from liability.

It is next urged that the action was barred by the limitation of the right to bring the action which was contained in the ticket and reads as follows: " 8.  *  *  *  nor shall any such suit, action or proceeding be maintained for injury to the passenger *  *  *  unless written notice of the claim be delivered to the Company within forty days after debarkation of the passenger." It is well settled that it is legitimate for a carrier, by contract with a shipper, to provide for a reasonable time within which notice of a claim for loss or damage to merchandise or baggage shall be given as a condition of liability, and to prescribe the manner in which it is to be given.

If the question here related to a loss or injury to the passenger's baggage, we would not consider the short time limitation unreasonable.  In such case the amount of damage for which the claim is to be made is known to the passenger on or immediately after debarkation.

In case of personal injuries the conditions are different.  It may be more than forty days after debarkation before the passenger is in such physical or mental condition to make a claim, and the condition of the passenger may be such that the full extent of the damage cannot be estimated before the expiration of the forty days.  The notice to be given is not of the fact of the injury.

but of the claim for damages. The company had knowledge of the fact immediately on the happening of the accident. The plaintiff was not discharged from the hospital in a foreign country until after the time limited had expired. Furthermore, this requirement was not in a contract signed by both parties, nor in one which was delivered to and remained in the possession of the passenger, as is a bill of lading, which is issued to the consignor on a shipment of goods. Under the circumstances I am of opinion that the limitation as to time was unreasonable.

The motion to dismiss the complaint was properly denied.

The judgment and order will, therefore, be affirmed, with costs.

CLARKE, P. J., and DOWLING, J., concur; SMITH, J., dissents.

GREENBAUM, J.:

I dissent on the authority of *Kelly* v. *New York & Sea Beach R. Co.* (109 N. Y. 44) and on the further ground that the doctrine of *res ipsa loquitur* does not apply.

Judgment and order affirmed, with costs.