## BLACKWELL v. ALASKA S. S. CO.

(District Court, W. D. Washington, N. D. December 22, 1923.)

No. 7337.

Carriers ⊂⊃307(1)—Limitation of time for presentation of claim for injury to passenger to 10 days held unreasonable and void.

A provision in a steamship ticket limiting the time for presenting a claim for personal injury to 10 days after landing is void as unreasonable, and is not authorized by anything in Shipping Board Act Sept. 7, 1916, § 18 (Comp. St. § 8146ii).

At Law. Action by E. M. Blackwell against the Alaska Steamship Company. On demurrer to first affirmative defense in amended answer. Demurrer sustained.

To the complaint of the plaintiff, seeking to recover for personal injuries alleged to have been received while a passenger on the steamship Victoria, en route from Nome, Alaska, to Seattle, Wash., the defendant answers, denying liability, and in its first affirmative defense alleges that no claim of injury was presented within 10 days after the passenger landed, as provided by the conditions upon the ticket issued to the plaintiff. It is alleged that upon the face of the ticket, above the signature of the plaintiff, and below the caption, appear the words "PRESENTATION OF CLAIMS," printed in large type, and that following said caption appears the following statement: "All claims of the user of this ticket * * * for injury to person or for damages to or loss of baggage during his voyage * * * shall be presented in writing to Alaska Steamship Company * * * within ten days after the user thereof is landed, * * * and if such claims shall not be so presented, it shall, for all purposes be deemed to be waived, abandoned, and barred. * * * "

To this defense a demurrer was sustained by Judge Cushman. An amended answer was filed, in which the same allegation is re-

puted, and the further allegation that since the Act of Congress of September 7, 1916, 39 Stat. 728, became operative, the defendant has been "a common carrier by water in interstate commerce," within the meaning of that act (Comp. St. § 8146a), and that, in the issuance of the ticket and acceptance by the plaintiff and use thereof as a passenger, the defendant and the ticket were subject to and covered by said statute, particularly section 18 thereof (Comp. St. § 8146ii), and that the said phrase had been continuously inserted and used in the passenger tickets for many years, and that it has never been declared unreasonable, nor has it been ordered modified or discontinued by the United States Shipping Board. The further allegation is made that the plaintiff many times prior to the accident has been a passenger of the defendant, making the trip from Seattle into Alaska and return, on tickets similar to the ticket in issue, containing the same provisions.

A demurrer is filed on the ground that the matters set forth in said amended answer do not constitute a defense.

Wright, Kelleher, Allen & Hilen and Thomas M. Askren, all of Seattle, Wash., for plaintiff.

Bogle, Merritt & Bogle, of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above). The demurrer must be sustained. It could be sustained upon the ground alone that the issue has been adjudicated by Judge Cushman. I think, however, that the limitation of 10 days is unreasonable and against public policy. Liability may be limited or qualified by special contract, if just and reasonable, where it does not exempt loss due from negligence. Missouri, Kan. & Texas Ry. v. Harriman, 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690. In Gerin v. Chicago, Milwaukee & St. P. Ry. Co., 133 Minn. 395, 158 N. W. 630, the court held that a limitation of four months for injury to person was unreasonable and void. At page 630 of 158 N. W. (133 Minn. 399) the court said:

"But we prefer to say that in our opinion this limitation [four months] is unreasonable and therefore void, as applied to a claim for personal injuries, the character and extent of which it is often impossible to ascertain within such a short time. The validity of a limitation on the time within which a claim for loss or damage to property transported by common carrier must be present-

ed, depends altogether upon whether such limitation is a reasonable one. In a case of injuries to the person, quite different considerations are involved than in cases of damage to property, the extent of which is usually known at once. As this provision requires in all cases notice within four months of the claim for personal injuries * * *, and as in many cases the nature of the injury would make it impracticable to give notice within the specified time, we hold that the provision is unreasonable and void."

The Court of Appeals of New York, in Murray v. Cunard S. S. Co., Ltd., 200 App. Div. 466, 193 N. Y. Supp 220; Id., 235 N. Y. 162, 139 N. E. 226, 26 A. L. R. 1371, held the requirement to give notice of claim for damages for injuries within 40 days after debarkation to be reasonable.

Upon the face of this ticket are 17 separate conditions, written in small type. The only words which are in large type under separate headings are "Baggage Liability" and "Presentation of Claims." Under the heading of "Presentation of Claims," in one paragraph, is intermingled the limitation of the presentation of claims for damage to *baggage and person.*

Section 18 of the Shipping Act (39 Stat. 735), if it has any application, which is not apparent, provides:

"That every common carrier by water in interstate commerce shall establish, observe, and enforce just and reasonable rates, fares, charges, classifications, and tariffs, and *just and reasonable regulations* and practices relating thereto and to the issuance, form, and substance of tickets, receipts, and bills of lading, the manner and method of presenting, marketing, packing, and delivering property for transportation, the carrying of personal, sample, and excess baggage, the facilities for transportation, and all other matters relating to or connected with the receiving, handling, transporting, storing, or delivering of property."

There is not apparent in the section any provision with relation to the limitation of time for presentation of claims. I am not conscious of any order made by the United States Shipping Board under the authorization of this statute which fixes 10 days as a reasonable time within which to present claims for personal injury. Rules and regulations made in bills of lading (52 I. C. C. 671), prescribe the form of uniform domestic bills of lading, 64 Interstate Commerce Commission Reports, page 357. The Shipping Board provides in the conditions of bills of lading that "all claims for loss, damage or injury to property must be made in writing * * * within six months after delivery of the property. * * *" If an order limiting time for presentation of personal injury claims has been made, my attention has not been challenged to it.

In Keairnes v. Chicago, M. & St. P. Ry. Co., 41 S. D. 409, 171 N. W. 86, the court held a limitation of 4 months within which to present claims for loss to property to be reasonable. This matter was considered by the court under the Carmack Amendment to the Interstate Commerce Act. In Gooch v. Oregon Short Line, 258 U. S. 22, 42 Sup. Ct. 192, 66 L. Ed. 443, in a drover's contract, a 30-day limitation was held reasonable; but there is nothing in the expression of the court, or inference to be deducted, from which it could be concluded that a 10-day limitation would be held to be reasonable, and especially is this conclusion persuasive when the court must judicially know that a ticket issued by a transportation company is immediately taken up at the time of embarking or very shortly after the ship leaves the dock, and unless it is made to appear that the passenger's attention has been called to it, or it is expressly agreed to, it would not be in furtherance of sound public policy to conclude that in this limited time a passenger should stop and read and discriminate between the conditions, and if the United States Shipping Board concludes that 6 months is a reasonable time within which claims for damage to property must be presented, it would not be *"just and reasonable"* to limit the time within which claims for injury to person should be presented to 10 days.

The demurrer is sustained.