**UNITED STATES of America**

v.

**Ronnie JONES.**

**Crim. No. SA70CR114.**

United States District Court,
W. D. Texas,
San Antonio Division.

Jan. 11, 1971.

Seagal V. Wheatley, U. S. Atty., Wayne F. Speck, Asst. U. S. Atty., San Antonio, Tex., for plaintiff.

A. L. Hernden, San Antonio, Tex., for defendant.

SPEARS, Chief Judge.

The legal question now before the Court involves defendant's motion to dismiss the indictment charging him with causing the transportation in foreign commerce of certain Braniff International Airline tickets which he knew were falsely made and forged, in violation of Title 18 U.S.C. § 2314.[1] Since this Court is of the opinion that an airline ticket is an "evidence of indebtedness", and, therefore, is a "security" as defined by Title 18 U.S.C. § 2311,[2] the motion will be denied.

On July 2, 1970, the defendant, an employee of Braniff at the International

---

[1]. Title 18 U.S.C. Section 2314, states in part: "Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited," shall be guilty of an offense against the United States. Reference to persons causing or procuring was omitted as unnecessary in view of definition of "principal" in Section 2 of Title 18. See Historical and Revision Notes, Title 18 U.S.C. § 2314.

[2]. Title 18 U.S.C. Section 2311. *Definitions*—" 'Securities' includes any * * evidence of indebtedness, * * *; or, in general, any instrument commonly known as a 'security', or any certificate

Airport in San Antonio, Texas, with the assistance of another employee of that airline, stole 135 blank Braniff tickets, four of which were validated for round trips to Acapulco, Mexico, and used by friends of the defendant, who were cautioned to say that no money was involved if they were asked about the tickets. The price of each validated round trip ticket used was $342.00. Needless to say, neither the defendant nor his accomplice was a ticket agent, or had any authority to have the blank tickets in his possession, or to fill in the tickets, or to validate them. The record reflects that although the tickets state that they are not transferable, Braniff does not check identification of its passengers, although it has a right to do so, but will simply admit on board the holders of its tickets, without requiring proof of ownership. No one paid for the tickets involved at the time of travel, but later Braniff was paid by the persons using them. Whether or not the defendant actually received payment for the tickets is immaterial with respect to the motion to dismiss, or on the question of guilt or innocence.

The parties stipulated that "(a)s a matter of general business practice by Braniff International Airlines as well as other domestic airlines, should a passenger cancel his flight, the tickets can be returned and negotiated for either cash or another ticket of the same value".[3]

It was further agreed that there would be no evidence, other than that stipulated, and judgment is sought by each side upon the stipulations, without the introduction of oral testimony, with the understanding, however, that the defendant does not waive his objections to the indictment, nor his rights of appeal.

In Merrill v. United States, 338 F.2d 763 (5th Cir. 1964), the Court concluded that "Congress employed the term 'securities' in the usual commercial sense, to refer to instruments in themselves valuable to a thief." A ticket that can, whether by its own terms or by custom and usage, be redeemed for cash or another ticket of the same value, is, in itself, valuable to a thief, and this certainly applies to the unused portion of a round trip ticket.

The defendant insists that an airline ticket is not a contract, and, therefore, could not constitute an "evidence of indebtedness". In support thereof he cites Beam v. United States, 364 F.2d 756 (6th Cir. 1966); United States v. Malone, 231 F.Supp. 174 (S.D.Tex.1964); Merrill v. United States, supra, 338 F. 2d 763 (5th Cir. 1964); and Frank v. Ingalls, 41 Ohio St. 560, 564 (1885). *Beam, Malone,* and *Merrill* turned upon the proposition that since credit sales invoices would have no value to anyone except to the gasoline dealer, a thief would not steal them, while *Ingalls* did say that it was "well established that a railroad ticket is a receipt or voucher." However, it has since been recognized that such a ticket may also be a contract, either because of its special conditions or by reason of custom and usage,[4]

---

of interest or participation in, temporary or interim certificate for, receipt for, warrant, or right to subscribe to or purchase any of the foregoing, or any forged, counterfeited, or spurious representation of any of the foregoing."

3. In United States v. Ackerman, 393 F.2d 121 (7th Cir. 1968), one technique utilized was to purchase airline tickets with a bad check and subsequently exchange them for the company's check. The Court must have considered that an airline ticket is an instrument in itself valuable to a thief.

4. See 13 C.J.S. Carriers § 603b, page 1159, citing Kirby v. Union Pac. R. Co., 51

Colo. 509, 119 P. 1042, Ann.Cas.1913B, 461, holding that the non-transferability of a ticket does not alter the fact that it may be a contract; Murray v. Cunard S.S. Co., 200 App.Div. 466, 193 N.Y.S. 220, 221, pointing out the distinction between an ordinary railroad ticket and a passage ticket for an ocean voyage; and Louisville & N. R. Co. v. Rieley, 121 Va. 469, 93 S.E. 574, L.R.A.1918A, 775, to the effect that "custom and usage may have an important bearing in determining whether a ticket may, in particular cases, constitute a contract as well as serve as evidence of the passenger's right to transportation."

and an airline ticket covering an international flight has specifically been held to be "the contract made by the parties." Kelley v. Societe Anonyme Belge D'Exploitation, etc., 242 F.Supp. 129 (E.D.N.Y.1965), citing 1 Kriendler, Aviation Accident Law, § 11.05(1) at 361–362 (1963), and Warsaw Convention, 49 Stat. 3000, et seq.

In view of all of the foregoing, including, but not limited to, the custom and usage followed by Braniff "as well as other domestic airlines", defendant's motion to dismiss is denied, and the defendant is hereby found guilty as charged.