**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronnie JONES, Defendant-Appellant.**

No. 71–1409.

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 1971.

A. L. Hernden, Alan Brown, San Antonio, Tex., for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., Wayne F. Speck, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before TUTTLE, INGRAHAM and RONEY, Circuit Judges.

TUTTLE, Circuit Judge:

This appeal raises the narrow question whether an airline ticket is a "security" within the meaning of 18 U.S.C. § 2311. Appellant Jones, who caused forged airline tickets to be transported in interstate commerce, was convicted of violating 18 U.S.C. § 2314 which proscribes the interstate carriage of "any falsely made, forged, altered, or counterfeited securities." We reverse.

The case was tried by the court without a jury on stipulated facts. Jones, an employee of Braniff International Airlines, obtained through an acquaintance two blank airline tickets belonging to Braniff. Jones filled out and validated these tickets for use by third parties, although he had not been authorized by Braniff to do so. Subsequently the tickets were used by the third parties for roundtrip passage between San Antonio, Texas and Acapulco, Mexico.

As a matter of general business practice Braniff permits the redemption of its tickets for cash or for another ticket of equal value, should the ticket holder choose to cancel his reservation. In addition, although the tickets state that they are not transferable, Braniff does not ordinarily check the identification of its passengers, but will simply admit on board the holder of its ticket without requiring proof of ownership.

■ The District Court, 320 F.Supp. 578, found appellant guilty of a violation of 18 U.S.C. § 2314 which, among other things, makes it a federal crime for anyone with unlawful or fraudulent intent to transport in "interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited." Appellant here argues that airline tickets are not securities and that therefore he cannot be convicted of this particular crime. We agree.

The term "securities", as used in § 2314, is defined by 18 U.S.C. § 2311 to include:

> " * * * any note, stock certificate, bond, debenture, check, draft, warrant, traveler's check, letter of credit, warehouse receipt, negotiable bill of lading, *evidence of indebtedness*, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferrable share, investment contract, voting-trust certificate; certificate of interest in property, tangible or intangible; instrument or document or writing evidencing ownership of goods, wares, and merchandise, or transferring or assigning any right, title, or interest in or to goods, wares, and merchandise; or, in general, any instrument commonly known as a "security", or any certificate of interest or participation in, temporary or in-terim certificate for, receipt for, warrant, or right to subscribe to or purchase any of the foregoing, or any forged, counterfeited, or spurious representation of any of the foregoing;
> * * *." (Emphasis added.)

The government argues that since a Braniff airline ticket is redeemable for cash, it is an "evidence of indebtedness" and, thus, a security within the meaning of the statute. However, the term "evidence of indebtedness" must be construed in the context of the entire definition. It is to be noted that "Securities" is defined with great particularity and that except for "evidence of indebtedness" each of the other documents listed in Section 2311 has a specific and commercially-cognizable referent. We therefore think it doubtful that Congress intended "evidence of indebtedness" to be viewed as a catchall rubric embracing any and all writings, not otherwise specifically listed, which represent an obligation on the part of the writer to do something for the holder.[1]

Of course, the term can have various meanings depending on the context of its use, Merrill v. United States, 338 F.2d 763 (CA 5, 1964), but we do not think it should be stretched to include writings which in common commercial parlance would not be referred to as true evidences of indebtedness. Congress, in enacting § 2311, clearly manifested its intention to limit the meaning of security to specific commercial instruments and to those documents which commonly pass as securities. Tickets of any sort, including airline tickets, do not fit within this narrow framework.

■ The government contends further that since airline tickets have intrinsic value, they fall squarely within the definition of security set forth by this court in Merrill v. United States, supra in which we said, "Congress employed the term 'securities' in the usual commercial sense, to refer to instru-

---

1. Moreover the careful detail with which the definition is drawn suggests that Congress would have explicitly included tickets for interstate travel had it meant for them to be treated as securities under § 2314.

ments in themselves valuable to a thief," at 769. It is plain, of course, that airline tickets do have value to a thief, inasmuch as they represent the right to airline services or, by the grace of the airlines, the right to redeem unused tickets for cash. However, the fact of value is a necessary, but not a *sufficient* element in establishing the existence of a security for purposes of § 2314. In Merrill this court decided that a credit sale invoice can not be a security since it lacks value. It does not follow from that proposition that anything having value is therefore a security, for such an approach reads out of the Merrill definition the words "usual commercial sense" and "instruments." It is to be doubted that men of commerce would consider an airline ticket to be an instrument evidencing indebtedness in the usual commercial sense. Nor do we.

 We are inclined to the view that "evidence of indebtedness" refers to some written document which on its face establishes an obligation to pay a sum of money to the holder without regard to the custom and usage surrounding its actual employment.[2] Although it is the custom of Braniff to redeem its tickets for cash, the tickets themselves do not establish a legal obligation to do so, and in fact they nowhere make mention of Braniff's redemption policy.

Moreover, the power to redeem airline tickets for cash is merely collateral to the primary purpose of the tickets, that is, an obligation on the part of the airline to provide the ticketholder with airline services. Like football or theater tickets, airline tickets represent an agreement for the provision of services; that the tickets may be redeemed for money is a courtesy which is secondary to their true *raison d'etre*.

The term "evidence of indebtedness" embraces only such documents as promissory notes which on their face establish a primary obligation to pay the holders thereof a sum of money. Since airline tickets do not establish a primary obligation to pay money, they are not evidences of indebtedness. It being patently clear that airline tickets do not fall within any of the other categories of documents listed in § 2311, we conclude that they cannot be treated as securities for purposes of § 2314.

We therefore reverse the judgment and conviction and remand the case to the trial court with directions to dismiss the indictment against the appellant under § 2314.

Reversed and remanded.

---

2. See United States v. Malone, 231 F.Supp. 174 (S.D.Tex.1964); United States v. Jones, 182 F.Supp. 146 (W.D.Mo.1960); United States v. Crouch, 224 F.Supp. 969 (D.C.Del.1964). In Beam v. United States, 364 F.2d 756 (CA 6 1966) the Sixth Circuit held that the term "securities" was used by Congress "to refer to forms of negotiable instruments which in themselves had monetary value" at 759. We note that while Braniff airlines does not customarily check the identification of each ticketholder against the name on his ticket, it is nonetheless unlawful to transfer airline tickets (and the tickets so state). Clearly, such tickets are not negotiable as that term is commercially understood.