**UNITED STATES of America,**
**Appellant,**

v.

**Jerry Charles DUNLAP, Rolondo Romo, John Roben, Bradford Serna,**
**Appellees.**

**No. 77–2678.**

United States Court of Appeals,
Ninth Circuit.

March 20, 1978.

David R. Hinden, Asst. U. S. Atty. (appeared), Los Angeles, Cal., for appellant.

Peter M. Horstman (appeared), Los Angeles, Cal., for appellees.

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. " 'Securities' includes any note, stock certificate, bond, debenture, check, draft, warrant, traveler's check, letter of credit, warehouse receipt, negotiable bill of lading, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate; certificate of interest in property, tangible or intangible; instrument or document in writing evidencing ownership of goods, wares, and merchandise, or transferring or assigning any right, title, or interest in or to goods, wares, and merchandise; or, in general, any instrument commonly known as a 'security', or any certificate of interest or participation in, temporary or interim certificate for, receipt for, warrant, or right to subscribe to or purchase any of the foregoing, or any forged, counterfeited, or spurious representation of any of the foregoing * *." 18 U.S.C. § 2311.

Before TRASK and GOODWIN, Circuit Judges, and SOLOMON *, District Judge.

PER CURIAM:

Four defendants, Dunlap, Romo, Roben, and Serna, were indicted for violations of 18 U.S.C. §§ 371 and 2314 (conspiracy to transport and transportation of counterfeit securities). The district court dismissed the indictment on the ground that the counterfeit department-store scrip being transported was not a "security" within the meaning of 18 U.S.C. §§ 2311 and 2314. The government, pursuant to 18 U.S.C. § 3731, appealed.

The only issue before us is whether the Broadway store's scrip, if genuine, would be a "security" under 18 U.S.C. §§ 2311 and 2314. A forged or counterfeit security is a "security" under the statute.

The government asserts that these papers fall within the § 2311 definition [1] as either "evidence of indebtedness" or an instrument "commonly known as a security".

The defendants argue that 18 U.S.C. § 2314 is a criminal statute and as such must be strictly construed. They also argue that, under any construction, the scrip is not a security within the § 2311 definition.

Although the scrip has value, it is primarily a medium of limited exchange and is not evidence of an obligation or a promise to pay money.

Broadway issues the scrip:

(1) When a customer returns merchandise without proof of purchase;

(2) To Broadway charge account customers as a promotional device;

(3) As change for merchandise or services purchased by scrip.

A statement on the face of the scrip says that it is not redeemable for cash. But the store is said to have an unwritten policy that if a customer is persistent enough, the store will redeem scrip for cash.

The scrip is transferable and can be used without the bearer identifying himself. The Broadway stores circulate about $6,000,000 of scrip a year. In effect, the scrip is a form of private money.

Courts have been reluctant in criminal cases to expand what is "commonly known as a security" beyond the enumerated forms in § 2311. In *United States v. Canton,* 470 F.2d 861 (2d Cir. 1972), the court looked to the Columbia Encyclopedia to find that "[i]n the generally accepted commercial sense, 'securities' are defined as 'instruments giving to their legal holders rights to money or other property.' The Columbia Encyclopedia (3d Ed. 1968)". 470 F.2d at 864.

The statute discloses no congressional intent to give a broad meaning to include all obligations on the part of the maker of a paper to the holder. The government relies on *United States v. Speidel,* 562 F.2d 1129 (8th Cir. 1977), where the Eighth Circuit held that quitclaim deeds are securities within the context of § 2311 because they convey whatever interest and title the grantor has and also purport to certify an interest in property. The *Speidel* court found significant the statutory amendment which changed the wording from securities "means" to securities "includes". Because of this change, the court found the new definition ·of securities to be "expansive". The emphasis in *Speidel* may be in conflict with the Second Circuit in *Canton.*

In *United States v. Jones,* 450 F.2d 523 (5th Cir. 1971), an airline ticket was held not to be evidence of indebtedness, and therefore not a security under § 2311.

Judge Tuttle, writing for the court, construed "evidence of indebtedness" in the context of the entire definition of security:

" * * * It is to be noted that 'Securities' is defined with great particularity and that except for 'evidence of indebtedness' each of the other documents listed in Section 2311 has a commercially-cognizable referent. We therefore think it doubtful that Congress intended 'evidence of indebtedness' to be viewed as a catchall rubric embracing any and all writings, not otherwise specifically listed, which represent an obligation on the part of the writer to do something for the holder. * * *." 450 F.2d at 524.

The court stated that to be a security an instrument must have value in itself. But it does not follow that anything having value is a security; the instrument must evidence indebtedness in the "usual commercial sense". The court concluded:

"The term 'evidence of indebtedness' embraces only such documents as promissory notes which on their face establish a primary obligation to pay the holders thereof a sum of money. Since airline tickets do not establish a primary obligation to pay money they are not evidences of indebtedness * * *." 450 F.2d at 525.

We find unpersuasive the government's argument that even if the statute is ambiguous the strict construction rule should not be applied because no one should be surprised that the transportation with fraudulent intent of forged and counterfeit scrip should be proscribed by law. The argument begs the question. No one is asking whether the defendant's actions were illegal, but whether they constitute a specific federal offense. These defendants may have violated one or more state laws, but that sort of speculation is not before us.

Criminal statutes are to be strictly construed. *Prussian v. United States,* 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610 (1931). So construed, we hold that § 2311 does not cover the Broadway department store scrip. An ambiguity or hiatus in a criminal law is not to be resolved by an interpretation "to

embrace offenses not clearly within the law." *Krichman v. United States,* 256 U.S. 363, 367–68, 41 S.Ct. 514, 516, 65 L.Ed. 992 (1921).

Affirmed.