119 F.3d 8
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Cyril J. WORM, Jr., Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Geoffrey A. EDMONDS, Defendant-Appellant.
 Nos. 96-30279, 96-30287.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 11, 1997.
Decided July 25, 1997.
As Amended on Denial of Rehearing Aug. 18, 1997.
 
 MEMORANDUM*
 Appeal from the United States District Court for the District of Oregon Helen J. Frye, District Judge, Presiding
 Before: FERGUSON, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 Cyril Worm and Geoffrey Edmonds appeal their convictions of mail fraud, 18 U.S.C. § 1341, wire fraud, 18 U.S.C. § 1343, and interstate transportation of falsely made securities, 18 U.S.C. § 2314. They also appeal their sentences, each of which included a two-level role adjustment pursuant to U.S.S.G. § 3B1.1(c). We have jurisdiction, 28 U.S.C. § 1291, and affirm in part and reverse in part.
 
 
 2
 * Worm and Edmonds contend that the district court should have granted their motions for judgment of acquittal on the mail fraud counts pertaining to the homebuyers, because the government failed to prove a duty to disclose and also because they made no misrepresentations to the homebuyers. We disagree.
 
 
 3
 Paragraph 32 of the indictment charges that Worm and Edmonds represented that homebuyers were executing first and second trust deeds when in reality investors already held first trust deeds on the property. This was an affirmative misrepresentation, not merely a failure to disclose. See United States v. Benny, 786 F.2d 1410, 1418 (9th Cir.1986). We also reject Worm's and Edmonds's argument that reliance on these misrepresentations was unreasonable and that the homebuyers should have traced title for themselves. The misrepresentations here are not analogous to the sales puffing at issue in United States v. Brown, 79 F.3d 1550 (11th Cir.1996), which could be confirmed easily by nonexperts.
 
 II
 
 4
 Worm and Edmonds argue that the district court erred in denying their motions for a mistrial because the testimony of the homebuyers was irrelevant and highly prejudicial and it also had a spillover effect on the investor counts, requiring, at a minimum, a curative instruction. We review the denial of a motion for mistrial for an abuse of discretion, United States v. Frederick, 78 F.3d 1370, 1375 (9th Cir.1996), and we find none here.
 
 
 5
 Although the district court struck the omission allegations in paragraph 36 of the indictment, the homebuyers' testimony was nonetheless relevant to proving the materiality of the affirmative misrepresentations charged in paragraph 32. See United States v. Blaylock, 20 F.3d 1458, 1463 (9th Cir.1994). The court's refusal to give the proposed curative instruction did not deprive Worm and Edmonds of a defense theory (i.e., no duty to disclose), because there were no remaining allegations of nondisclosure against which to defend.
 
 
 6
 Nor do we agree that the homebuyer testimony had a prejudicial spillover effect on the investor counts. Although Worm and Edmonds describe the government's case with respect to investors as weak, they do not challenge on appeal the sufficiency of the evidence supporting these convictions, and nothing suggests that the homebuyer testimony prevented the jury from reaching an impartial verdict such that a mistrial was required. Furthermore, the district court instructed the jury not to allow its verdict on one count to influence its verdict on another.
 
 III
 
 7
 Worm and Edmonds contend that the loan agreements between Mary Matriotti and Dominion are not securities within the meaning of 18 U.S.C. § 2311 and were not falsely made within the meaning of 18 U.S.C. § 2314. We agree that the four-page document entitled "Loan Agreement" is not an "evidence of indebtedness" within the meaning of § 2311, because it does not, on its face, establish a primary obligation to pay the holder a sum of money. See United States v. Dunlap, 573 F.2d 1092, 1094 (9th Cir.1978); Barack v. United States, 317 F.2d 619, 623 (9th Cir.1963). Instead, this particular "loan agreement" indicates that the promissory note, which contains the promise to pay, is the evidence of indebtedness. Therefore, we reverse Worm's and Edmonds's four counts of conviction under 18 U.S.C. § 2314.[1]
 
 
 8
 In light of our reversal of these four counts, we vacate those portions of Worm's and Edmonds's judgments ordering each of them to pay a $50 special assessment fee on each of counts 34, 35, 36, and 38, and remand for the district court to enter amended judgments for each defendant.
 
 IV
 
 9
 Worm and Edmonds contend that the district court erred in applying a two-level role adjustment to each of their sentences pursuant to U.S.S.G. § 3B1.1(c), because there was no other criminally responsible participant, which is a prerequisite to applying the adjustment. See United States v. Anderson, 942 F.2d 606, 607 (9th Cir.1991) (en banc). Even if Mary Matriotti does not qualify as a criminally responsible participant, Pauline Edmonds does. She pleaded guilty to making a false statement on a loan application in a separate action, and Worm and Edmonds stipulated at trial that Pauline forged Matriotti's signature on numerous checks. Her forgeries facilitated Dominion's use of Matriotti's name to obtain loans and to attract investors.
 
 
 10
 AFFIRMED IN PART; REVERSED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we determine that the document entitled "Loan Agreement" is not an evidence of indebtedness under § 2311, we need not reach Worm's and Edmonds's due process challenge; nor do we reach their arguments that the loan agreements were not falsely made and that the district court erred in its instruction on "evidence of indebtedness."