**ALL SEASONS WATER USERS ASSOCIATION, INC., Plaintiff and Appellant,**

v.

**NORTHERN IMPROVEMENT COMPANY and Fireman's Insurance Company of Newark, New Jersey, Defendants and Appellees.**

**CERTAINTEED CORPORATION, Defendant and Third Party Plaintiff,**

v.

**KBM, INC., Third Party Defendant.**

**Civ. No. 870086.**

Supreme Court of North Dakota.

Jan. 4, 1988.

Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, for plaintiff and appellant; argued by Jack G. Marcil.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendants and appellees; argued by Maurice G. McCormick.

GIERKE, Justice.

All Seasons Water Users Association, Incorporated (All Seasons), appeals from an amended judgment of the district court, dated February 25, 1987. We reverse and remand.

The relevant facts underlying this appeal are set forth by this court in *All Seasons Water Users Association, Inc. v. Northern Improvement Co.*, 399 N.W.2d 278 (N.D. 1987), and will not be repeated in this opinion. In that prior decision we remanded this case to the trial court for a determination of the damages, if any, to which All Seasons may be entitled to recover for 10 miles of pipe which the defendant, Northern Improvement Company (Northern), had buried at a depth of less than 7 feet. In that decision we explained the basis for our remand:

"The trial court ... found that 10 miles of pipe is buried above the 7.0–foot depth required by the contract. The court concluded that this constituted a breach of the contract and that Northern was responsible for it. However, the trial court went on to find that the shallowly laid pipe did not need to be replaced or lowered because it was 'within an acceptable tolerance.'

* * * * *

"However, merely because Northern has substantially performed the contract does not mean that it is not responsible for damages for any breach, however technical, of the contract.... Therefore, any finding of substantial performance requires a further inquiry into the amount of damages to which the owner, in this case All Seasons, is entitled due to the contractor's breach.

* * * * *

"If the trial court determined that the depth of the pipe was so close to the contract-required depth that All Seasons was not entitled to damages, it may have been correct. But we do not know whether or not that was the case because the court did not set forth the reasons for its findings. Rule 52(a), N.D.R. Civ.P., requires findings of fact and conclusions of law to enable the appellate court to understand the factual determination made by the trial court and the basis for its conclusions of law and judgment entered thereon. *Hust v. Hust*, 295 N.W.2d 316 (N.D.1980). Because we do not know the trial court's rationale, we remand on the issue of damages due to the 10 miles of pipe which was too shallowly buried." (Citations omitted.) 399 N.W.2d at 280–281.

On remand the trial court refused All Season's request to introduce additional evidence on the issue of damages, but the court made the following amended finding of fact:

"Elaborating on Findings VII and IX and Conclusions of Law I, the Plaintiff has shown no damage of consequence, only a technical breach of contract, as to the depth of pipe; the pipe was so close to required depth that no damage has resulted or can reasonably result in the future. There is substantial compliance with the contract and an award of damage on the basis of technical non-conformance would be unjustified and perhaps punitive."

All Seasons asserts that the trial court erred in refusing to accept additional evidence on the damage issue. The trial court concluded that it could make an adequate amended finding to conform with its origi-

nal intent on the basis of the record before it without seeking or permitting the introduction of additional evidence. We believe that the trial court's decision to amend its findings without taking additional evidence comports with this court's mandate in remanding the case and that the trial court did not, therefore, err in denying All Season's request to introduce additional evidence.

All Seasons also asserts that the trial court erred in refusing to award any damages for Northern's shallow placement of the 10 mile segment of pipe. Substantial compliance in performing a contract does not absolve a party from responding in damages for the injury resulting from a minor breach of the contract. *Shimek v. Vogel*, 105 N.W.2d 677 (N.D.1960). The trial court found that All Seasons incurred no compensable injury as a result of the shallow placement of the pipe. Having reviewed the record, we are convinced that the trial court made a mistake and that such finding is clearly erroneous. Rule 52(a), N.D.R.Civ.P.

The evidence introduced by All Seasons in support of an award of damages for the 10 mile length of shallow pipe is marginal. Nevertheless, at oral argument counsel for Northern conceded that the depth of the 10 miles of shallow pipe "... ranges from 4 feet to 6 feet 11 inches." Counsel also conceded that the shallow pipe froze on two occasions, and it cannot be disputed that shallow pipe is more likely to freeze at a given temperature than pipe which is buried at a greater depth. Under these circumstances, we conclude that it was clearly erroneous for the trial court to find that the shallow placement of pipe constituted a mere technical breach for which All Seasons is entitled to no damages. Thus, we remand this case for a determination of the amount of damages to which All Seasons is entitled for this breach.

All Season's counsel requested that this case be assigned to another judge, because the remand requires a redetermi-nation of a factual finding by the court. The request is granted and the case will be reassigned by separate order.

Reversed and remanded.

ERICKSTAD, C.J., MESCHKE and VANDE WALLE, JJ., and DOUGLAS B. HEEN, Surrogate Justice, concur.

DOUGLAS B. HEEN, Surrogate Justice, sitting in place of LEVINE, J., disqualified.