#23946-rev&rem-SLZ

**2006 SD 81**

IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

* * * *

CREDIT COLLECTION SERVICES,
INC., a South Dakota Corporation,                    Plaintiff and Appellant,

    v.

BRADLEY J. PESICKA and
MARTINA ASHFORD,                                     Defendants.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE FIRST JUDICIAL CIRCUIT
YANKTON COUNTY, SOUTH DAKOTA

* * * *

HONORABLE ARTHUR RUSCH
Judge

* * * *

DAVID M. HOSMER                                      Attorney for plaintiff
Yankton, South Dakota                                and appellant.

* * * *

CONSIDERED ON BRIEFS
ON MAY 23, 2006

OPINION FILED **08/23/06**

#23946

ZINTER, Justice

[¶1.] Credit Collection Services, Inc. (CCS) appeals a judgment denying attorney's fees in a breach of contract action against Bradley Pesicka and his former wife Martina Ashford. We reverse and remand.

FACTS

[¶2.] In 2003, Pesicka and Ashford, who were still married, received medical services from Avera Sacred Heart Hospital in Yankton, South Dakota. In connection with obtaining these services, Pesicka signed a contract entitled "Consent Form." The one page printed form was on Avera letterhead and contained provisions on the following matters: authorization for care and treatment; consent to blood test for healthcare provider protection; procurement of information; authorization for release of information; personal items acknowledgement; Medicare consent; Medicare/Champus acknowledgement of receipt; assignment of insurance benefits; precertification; billing and credit policy; and, patient self determination and advance directives. The section on billing and credit policy provided:

> All patient accounts will be considered due upon receipt of your bill. As a courtesy to me, the business office and any physician of the hospital providing services will process my insurance if information is provided. It is understood that all insurance deductibles be paid at the time of dismissal. I will be billed on the current balance of my account regardless of the insurance claim status. Accounts over thirty (30) days old may bear interest at a rate allowed under South Dakota State Law. *Accounts over ninety (90) days old may be referred to an attorney or an agency for collection at which time the undersigned shall become responsible for all attorney's fees and collection expenses.* (emphasis added).

-1-

[¶3.] Pesicka made only two small payments on the debt to Avera and failed to pay the balance. Avera assigned the debt to CCS for collection. CCS attempted to collect the debt but was unsuccessful. CCS then commenced a breach of contract action against Pesicka and Ashford. A default judgment was entered against Ashford, and Pesicka failed to appear for trial. Thereafter, a judgment was also entered against Pesicka in the amount of $12,569.51. CCS subsequently filed a motion for attorney's fees relying on that portion of the consent form in which the parties agreed that Pesicka would be responsible for those fees. Pesicka did not appear or resist the motion. Nevertheless, the trial court denied CCS's motion reasoning that the consent form's provision for attorney's fees violated public policy and was void. CCS appeals.

ISSUE

[¶4.] **Did the trial court err in denying CCS's motion for attorney's fees?**

[¶5.] An award of attorney's fees is reviewed under the abuse of discretion standard. *In re* South Dakota Microsoft Antitrust Litigation, 2005 SD 113, ¶27, 707 NW2d 85, 97. "'[B]y definition, a decision based on an error of law is an abuse of discretion.'" State v. Vento, 1999 SD 158, ¶5, 604 NW2d 468, 469. The question in this case is a question of law: does SDCL 15-17-39 prohibit an award of attorney's fees to CCS based upon the attorney's fee provision in the consent form signed by Pesicka. *See* State v. Schroeder, 2004 SD 21, ¶5, 674 NW2d 827, 829 (construction of a statute is a question of law and is fully reviewable without deference to the trial court's interpretation); *Microsoft*, 2005 SD 113 at ¶28, 707 NW2d at 98 ("standards and procedures applied by trial court in determining attorney fees are legal

questions" and "trial court's conclusions of law are given no deference and are reviewed . . . de novo.").

[¶6.]        "An award of attorney's fees is not the norm.  The party requesting . . . fees has the burden to show, by a preponderance of the evidence, the basis for such an award."  Jacobson v. Gulbransen, 2001 SD 33, ¶31, 623 NW2d 84, 91.  In this jurisdiction the recovery of attorney fees is governed by the American rule, which provides:

> each party bears the party's own attorney fees.  However, attorney fees are allowed *when there is a contractual agreement* that the prevailing party is entitled to attorney fees *or* there is statutory authority authorizing an award of attorney fees.

Crisman v. Determan Chiropractic, Inc., 2004 SD 103, ¶26, 687 NW2d 507, 513. (citations omitted)(emphasis added).  Thus, even if there is no statute authorizing attorney's fees, they are recoverable if the parties' contract so provides.  *Microsoft*, 2005 SD 113 at ¶29, 707 NW2d at 98; City of Aberdeen v. Rich, 2003 SD 27, ¶25, 658 NW2d 775, 781; *Jacobson*, 2001 SD 33 at ¶31, 623 NW2d at 91; Estate of O'Keefe, 1998 SD 92, ¶17, 583 NW2d 138, 142; Vanderwerff Implement, Inc. v. McCance, 1997 SD 32, ¶17, 561 NW2d 24, 27; O'Connor v. King, 479 NW2d 162, 166 (SD 1991); Assman v. J.I. Case Credit Corp., 411 NW2d 668, 671 (SD 1987); Lowe v. Steele Const. Co., 368 NW2d 610, 614 (SD 1985); NBC Leasing Co. v. Stilwell, 334 NW2d 496, 500 (SD 1983); Tracy v. T & B Const Co., 85 SD 337, 340, 182 NW2d 320, 322 (1970); Dodds v. Bickle, 77 SD 54, 62, 85 NW2d 284, 289 (1957).[1]

---

1.    While the body of the dissent appears to acknowledge that attorney's fees are recoverable upon an agreement of the parties, that rule does not appear to be

(continued . . .)

#23946

[¶7.]     CCS argued that Avera's consent form was a contractual agreement authorizing an award of attorney's fees.  However, the trial court held that the contract was "evidence of debt."  Therefore, it held that the provision authorizing attorney's fees was void under SDCL 15-17-39, which provides:

> Any provision contained in any *note, bond, mortgage, or other evidence of debt* that provides for payment of attorneys' fees in case of default of payment or foreclosure is against public policy and void, except as authorized by specific statute.  (emphasis added).

On appeal, CCS argues that the consent form is not a "note, bond, mortgage, or other evidence of debt," and therefore, the provision authorizing attorney's fees was not prohibited by this statute.  We agree with CCS.

[¶8.]     Before SDCL 15-17-39 was enacted, SDCL 15-17-10 contained the same relevant language:

> Any provision contained in any *note, bond, mortgage, or other evidence of debt* for the payment of any attorney fee in case of default in payment or of proceedings had to collect such note, bond, or evidence of debt or to foreclose such mortgage is hereby declared to be against public policy and void.

_____

(. . . continued)

followed in the dissent's footnote emphasizing that attorney's fees may *only* be granted in those cases specifically allowed by statute (listing those specific statutes).  Furthermore, any suggestion in the footnote that there is some sort of public policy violation to award attorney's fees based upon an agreement by the parties is contrary to at least half a century of this Court's legal precedent.

SDCL 15-17-10 (1984 Rev)(emphasis added). SDCL 15-17-39 replaced SDCL 15-17-10 in 1992. *See* 1992 SDSessL ch 148, §§ 4 & 26.[2]

[¶9.] This Court has applied this "other evidence of debt" language under both statutes. In Midcontinent Broadcasting Co. v. AVA Corp., 329 NW2d 378 (SD 1983), the Court reversed an award of attorney's fees in a lawsuit against guarantors on a promissory note, holding that a guaranty was "other evidence of debt." The Court observed that the principals could not be liable for attorney's fees on the promissory note and the "guaranty agreement [was] linked to the note." *Id.* at 381. Therefore, the attorney's fee collection provision of the guaranty was void. In International Multifoods Corp. v. Mardian, 379 NW2d 840 (SD 1985), this Court followed *Midcontinent* and again denied attorney's fees in an action against guarantors on a promissory note, holding that the guaranty was "other evidence of debt." In *Vanderwerff, supra*, this Court examined a sales contract that required the payment of $2,575 for a farm implement. The contract also permitted the recovery of attorney's fees upon default. This Court concluded that the sales contract constituted "other evidence of debt" under SDCL 15-17-39, and therefore, the attorney's fee provision was void.

[¶10.] On the other hand, in *Assman, supra*, a retail purchaser defaulted on the purchase of farm machinery and a financing company incurred attorney's fees repossessing the collateral. This Court permitted the financing company to recover attorney's fees from the implement dealer under a provision of a "Retail

---

2.     The current version of SDCL 15-17-39 actually came into being with amendments made in 1993. *See* 1993 SDSessL ch 165.

Financing Agreement" between the financing company and the implement dealer. That agreement allowed the financing company to recover "'any net loss which [the financing company might] sustain on any [s]ecurity [i]nstrument accepted . . . resulting from repossessing machines or equipment which secure a [s]ecurity [i]nstrument [originating from the retail purchaser] *including . . . legal expenses. . . .'" Id.* at 671 (emphasis original). This Court held that the "Retail Financing Agreement" was not "other evidence of debt." Rather, this Court noted that agreement "was designed 'to set forth the conditions under which [s]ecurity [i]nstruments [with retail purchasers would] be accepted by [the financing company on assignment] from [the implement dealer], and to establish the rights, liabilities and obligations of [the financing company and implement dealer] with respect to such [s]ecurity [i]nstruments[.]'" *Id.*

[¶11.]     In this case, the contract bears little similarity to the contracts this Court examined in *Midcontinent* and *Mardian* (promissory note guaranties) and in *Vanderwerff* (fixed-price sales contract). Rather, this contract is like the agreement in *Assman,* which merely governed the terms and conditions of providing services and further governed the rights, liabilities and obligations of the parties with respect to those services.

[¶12.]     Two Eighth Circuit Court of Appeals decisions construing SDCL 15-17-10 and SDCL 15-17-39 also provide thoughtful analysis on this question. In Overholt Crop Insurance Service Co. v. Travis, 941 F2d 1361 (8thCir 1991), the Eighth Circuit, relying upon our decision in *Assman*, upheld an attorney's fee award authorized by a provision in an employment agreement. The court noted that the

language under review was an employment agreement and the statutory prohibition only applied to "'notes, bonds, mortgages, or other evidence of debt.'" *See Overholt*, 941 F2d at 1370 (quoting SDCL 15-17-10 (1990)).

[¶13.] Orion Financial Corp. v. American Foods Group, Inc., 281 F3d 733 (8thCir 2002) provides more comprehensive analysis. There, a consultant sought to enforce an attorney's fee provision in a consulting service agreement. The district court, relying on *Vanderwerff, supra*, declined to award attorney's fees, holding that the agreement violated SDCL 15-17-39. The Eighth Circuit reversed. Judge Wollman reasoned:

> The service contract in this case, like the employment contract in *Overholt*, does not constitute evidence of a debt owed by one party to the other, but instead creates mutual obligations to provide services and payment therefor.
>
> The phrase "evidence of debt" as used in the statute refers to debtor-creditor relationships, such as those in bonds, mortgages, and promissory notes, not to every contract where one party is obligated to pay money to the other. Moreover, the phrase "evidence of debt" when used elsewhere in the South Dakota Codified Laws is connected with banking or other debtor-creditor relationships. *See, e.g.*, S.D. Codified Laws § 7-25A-25 (Michie 1993)(improvement districts' authority to issue notes); S.D. Codified Laws § 15-2-18 (Michie 2001)(limitations on actions on instruments circulated as money); S.D. Codified Laws § 21-17A-3 (Michie 1987)(requirements for writ of attachment for a debt); S.D. Codified Laws § 21-47-3 (Michie 1987)(actions to foreclose real property mortgages); S.D. Codified Laws § 21-48-18 (Michie 1987)(same); S.D. Codified Laws § 44-10-10 (Michie 1997)(restricting sale of evidences of debt pledged to pledgee); S.D. Codified Laws § 47-8-1.1 (Michie 2000)(definition of transacting business); S.D. Codified Laws § 51A-4-1 (Michie 1990)(powers of banks); and S.D. Codified Laws § 58-26-3 (Michie 2000)(determining value of investments by insurance companies).

> We conclude that because the Agreement is not "evidence of debt" within the meaning of S.D. Codified Laws § 15-17-39, the attorney fees provision is valid. Accordingly, we reverse the district court's decision denying attorney fees and remand to the district court for a determination of an award of reasonable attorney fees and collection costs.

*Orion*, 281 F3d at 745.[3]

[¶14.]      Although this Court is not bound by federal court interpretations of SDCL 15-17-10 and SDCL 15-17-39, *Orion* provides a well reasoned analysis of the meaning and purpose of the "evidence of debt" language in SDCL 15-17-39. Moreover, its rationale is consistent with our cases. Like *Assman*, *Orion* recognized that service agreements are unlike guaranties on promissory notes or sales contracts that are evidence of debt. A service agreement "does not constitute evidence of a debt owed by one party to the other, but instead creates mutual obligations to provide services and payment therefor." *Orion*, 281 F3d at 745. *Compare id., with Assman,* 411 NW2d at 671 (concluding that the agreement was only designed to set forth the conditions under which services would be provided and established the rights, liabilities and obligations of the parties with respect to those services).

[¶15.]      Finally, both this Court's and the Eighth Circuit's analysis of the "evidence of debt" language is consistent with interpretations of similar language in other jurisdictions. *See* Hiller v. Olmstead, 54 F2d 5, 7 (6thCir 1931)(concluding

---

3.      All of the statutory cross-references in the quotation from *Orion, supra* remain valid with the exception of the reference to SDCL 47-8-1.1, which was repealed in 2005. *See* 2005 SDSessL ch 239, § 394.

that an insurance contract was not converted into "evidence of indebtedness" after a fire because the phrase refers only to instruments of the same general nature as bonds, mortgages, notes, and debentures); United States v. Jones, 450 F2d 523, 525 (5thCir 1971)(concluding that the term "evidence of indebtedness" embraced only such documents as promissory notes which on their face establish a primary obligation to pay the holders a sum of money); In Re Dvorak, 176 BR 929, 934 (BankrDKan 1994)(concluding that an indemnity agreement was not evidence of indebtedness because at the time agreement was entered into there was no debt); O'Brien's Irish Pub, Inc. v. Gerlew Holdings, Inc., 332 SE2d 920, 923 (GaApp 1985)(concluding that a contract for the sale of a business between a vendor and broker did not fall within the definition of "evidence of debt," i.e. "written instruments or securities for the payment of money, importing on their face the existence of a debt.")(quoting Black's Law Dictionary, Deluxe 4th Ed., 1968).

[¶16.]        One further example is T.F. James Co. v. Vakoch, 628 NW2d 298 (ND 2001). In that case, the trial court refused to award attorney's fees permitted under a lease agreement. The trial court held that the lease was "evidence of debt" and the attorney's fee provision was void under a North Dakota statute similar to SDCL 15-17-39. The North Dakota Supreme Court reversed stating, "[w]e . . . do not believe 'evidence of debt' in N.D.C.C. § 28-26-04 is intended 'to be viewed as a catchall rubric embracing any and all writings, not otherwise specifically listed, which represent an obligation on the part of the writer to do something for the holder.'" *T.F. James Co.*, 628 NW2d at 302 (quoting *Jones,* 450 F2d at 524). The North Dakota Court reasoned that:

> "[E]vidence of debt," as contemplated by N.D.C.C. § 28-26-04, relates to a written instrument importing on its face the existence of debt, an acknowledgement of that debt, and a promise of payment. The general term, "evidence of debt," "despite its seeming breadth," includes only instruments similar to those specifically listed in N.D.C.C. § 28-26-04: a note, bond, mortgage, or security agreement. *See* Black's Law Dictionary 535 (7th ed. 1999)(discussing the principle of *ejusdem generis*, and stating "seeming breadth" is not given effect). Evidence of debt is not a "catchall rubric embracing any and all writings" including those such as the commercial lease agreement in this case. *Jones*, 450 F2d at 524.

*T.F. James Co.*, 628 NW2d at 303.

[¶17.]     Applying the principles embodied in all of these cases, we conclude that the trial court erred as a matter of law in its denial of attorney's fees. Pesicka's consent form is not a note, bond or mortgage nor is it a written instrument importing on its face the existence of a debt. Rather, like the financing agreement in *Assman*, the employment agreement in *Overholt*, and the service agreement in *Orion*, Pesicka's agreement only describes the conditions under which certain services will be provided and it sets forth the rights, liabilities, and obligations of the parties with respect to those services. Therefore, the consent form is not "evidence of debt" within the meaning of SDCL 15-17-39.[4]

---

4.     Under directly controlling authority, the dissent's position regarding a lack of "fair negotiation" over the attorney's fee agreement may not be addressed in this appeal. That question must be left for another day.

The dissent relies on *Vanderwerff*, 1997 SD 32 at ¶18, 561 NW2d at 27. Ironically, *Vanderwerff* considers the "fair negotiation" argument, but specifically instructs that we may not consider the argument because it was not raised before the trial court. More specifically, *Vanderwerff* recognized in dictum that an agreement concerning attorney's fees should be "fairly negotiated." However, the Court concluded that we

(continued . . .)

_____

(. . . continued)

should not address such issues for the first time on appeal. The Court further concluded that that argument was waived because the trial court made no findings regarding negotiation of attorney's fees.

The same is true here. Pesicka did not appear or respond to the motion for attorney's fees. Pesicka specifically failed to object or propose findings of fact and conclusions of law on the issue of fair negotiation.

Consequently, the trial court entered no findings of fact or conclusions of law on the issue. The only trial court language that related to that issue was a comment in the memorandum decision that "[t]here was no testimony that there was any discussion or negotiation of the attorney's fee clause," and it was "unlikely" that it was fairly negotiated. However, the trial court never ruled on this issue. Ultimately, it resolved the matter of attorney's fees solely on the basis of the "evidence of debt" issue we address.

Notwithstanding this record, the dissent alleges "fair negotiation" was an alternative ruling that we should adopt. As is pointed out above, it was not an alternative ruling. However, even if it were, the trial court's mere speculation concerning that subject is not reviewable because the memorandum was not incorporated in its findings of fact and conclusions of law. *See* Poindexter v. Hand County Bd. of Equalization, 1997 SD 71, ¶18, 565 NW2d 86, 91 (stating that the Supreme Court does not review a memorandum opinion unless it is expressly incorporated into the findings of fact and conclusions of law).

Finally, it must be noted that Pesicka filed no brief in this appeal. Therefore, there is no issue of fair negotiation for us to review.

For all of these reasons, and under the dissent's own authority, we may not consider this issue. *Vanderwerff,* 1997 SD 32, ¶18, 561 NW2d at 27 (noting that: the issue of fair negotiation was never presented to the trial court; "[a]s we have stated numerous times, 'issues not addressed or ruled upon by the trial court will not be addressed by this Court for the first time on appeal'"; and therefore, the issue of fair negotiation was waived)(citing Watertown v. Dakota, Minn. & E. R.R. Co., 1996 SD 82, ¶26, 551 NW2d 571, 577 (citing Keegan v. First Bank, 519 NW2d 607, 615 (SD 1994); Fullmer v. State Farm Ins. Co., 514 NW2d 861, 866 (SD 1994); Hawkins v. Peterson, 474 NW2d 90, 95 (SD 1991); Bottum v. Herr, 83 SD 542, 548, 162 NW2d 880, 883 (1968); Schull Constr. Co. v. Koenig, 80 SD 224, 229, 121 NW2d 559, 561 (1963))). In light of this directly controlling authority, and considering our standard of review, we have no authority to, *sua sponte,* raise and decide this issue.

[¶18.] Reversed and remanded for consideration of the appropriate factors for awarding attorney's fees. *See Crisman*, 2004 SD 103, ¶¶ 27– 30, 687 NW2d at 513– 514.

[¶19.] GILBERTSON, Chief Justice, and KONENKAMP and MEIERHENRY, Justices, concur.

[¶20.] SABERS, Justice, dissents.


SABERS, Justice (dissenting).

[¶21.] I dissent. There are two independent grounds by which the circuit court's decision should be affirmed: First, the section on billing and credit in the hospital's "Consent Form" constitutes "other evidence of debt" and violates the public policy set forth in SDCL 15-17-39; second, the circuit court found that the clause authorizing attorney's fees was not fairly negotiated by the parties. The majority opinion fails to recognize our State's public policy[5] and errs by narrowly

---

5. SDCL 15-17-38 sets forth the public policy of the State of South Dakota as to an award of attorney's fees. It provides in part:

> The compensation of attorneys and counselors at law for services rendered in civil and criminal actions and special proceedings is left to the agreement, express or implied, of the parties. However, attorneys' fees may be taxed as disbursements if allowed by specific statute.

The only attorneys' fees that are allowed by statute are: divorce, annulment of marriage, determination of paternity, custody, visitation, separate maintenance, support or alimony.

In case the above statute was not sufficiently clear in its public policy of prohibiting attorneys fees except where specifically allowed by statute, SDCL 15-17-39 provides:

(continued . . .)

-12-

construing the words "other evidence of debt." Additionally, the majority opinion

errs by failing to address the circuit court's finding that the hospital's clause

authorizing attorney's fees *was not fairly negotiated.*

*The circuit court did not abuse its discretion in denying the hospital attorney's fees pursuant to SDCL 15-17-39.*

[¶22.]     The party requesting an award of attorney's fees has the burden to

show the basis for such an award. Jacobson v. Gulbransen, 2001 SD 33, ¶31, 623

NW2d 84, 91. We will not reverse a circuit court's decision concerning attorney's

fees unless we determine the court abused its discretion. *In re* South Dakota

Microsoft Antitrust Litigation, 2005 SD 113, ¶27, 707 NW2d 85, 97.

[¶23.]     "At common law the right to recover attorney's fees from an opponent

in litigation did not exist." NBC Leasing Co. v. Stilwell, 334 NW2d 496, 500 (SD

1983). Such an expense is not allowable absent "a statute or rule of court or some

agreement expressly authorizing taxing of attorney's fees. . . ." *Id.* at 500-01.

[¶24.]     In this case, the hospital's collection agency is relying on the "Billing

and Credit Policy" clause of its "Consent Form" document as an "agreement"

_____

(. . . continued)

> Any provision contained in any note, bond, mortgage, or
> other evidence of debt that provides for payment of
> attorneys' fees in case of default of payment or foreclosure
> is against public policy and void, except as authorized by
> specific statute.

In other words, SDCL 15-17-39 provides that attorneys' fees in "other
evidence of debt" are against public policy. How could the public policy
of the State of South Dakota be any clearer?

between the hospital and Pesicka for attorney's fees. SDCL 15-17-39 limits the type of instruments that can contain provisions for attorney's fees:

> Any provision contained in any note, bond, mortgage, or other evidence of debt that provides for payment of attorneys' fees in case of default of payment or foreclosure is against public policy and void, except as authorized by specific statute.

[¶25.] Our case law concerning this statute has been inconsistent. In *Assman v. J.I. Case Credit Corp.*, 411 NW2d 668 (SD 1987), we permitted a financing company to recover attorney's fees from an implement dealer. The financing company relied on an attorneys' fees provision in its "Retail Financing Agreement." We held the "Retail Financing Agreement" did not constitute "other evidence of debt." *Id.* at 671. However, about ten years later, we held that a provision providing for attorney's fees in an implement dealer's "Retail Order Form" was "evidence of other debt" and therefore contrary to public policy. Vanderwerff Implement Inc. v. McCance, 1997 SD 32, ¶17, 561 NW2d 24, 27.

[¶26.] The hospital attempts to hide behind the fact that its document deals with consents, authorizations, and releases in addition to debt. The majority opinion should not be so easily fooled.

[¶27.] The "Billing and Credit Policy" section of the document not only constitutes "other evidence of debt" but specifies the conditions relating to debt in six specific ways:

> 1. All patient accounts will be considered due upon receipt of your bill.
> 2. As a courtesy to me, the business office and any physician of the hospital providing services will process my insurance if information is provided.
> 3. It is understood that all insurance deductibles be paid at the time of dismissal.

4. I will be billed on the current balance of my account regardless of the insurance claim status.

5. Accounts over thirty (30) days old may bear interest at a rate allowed under South Dakota State Law.

6. Accounts over ninety (90) days old may be referred to an attorney or an agency for collection at which time the undersigned shall become responsible for all attorney's fees and collection expenses.

The only evidence of debt and conditions relating to debt not specified above is the ultimate balance due on account. At the time the document was signed, the medical services had not yet been provided so the final debt amount could not be inserted. We should not accept form over substance in determining what constitutes other evidence of debt.

[¶28.] If the public policy of the State prohibits creditors such as banks from collecting attorney's fees on notes, bonds, mortgages or other evidence of debt, certainly a hospital providing health care or its credit collection service should be equally prohibited. The bargaining position of those in need of medical care is far inferior to those who borrow money to pay debts or make purchases.

[¶29.] In summary, our case law was inconsistent on what types of documents constitute "other evidence of debt." The circuit court examined the hospital's document and its provision on "Billing and Credit Policy" and determined it constituted "other evidence of debt." Under these circumstances, the court did not abuse its discretion in denying the hospital attorney's fees.

*The circuit court should be affirmed because the "Billing and Credit Policy" provision was not negotiated between the parties.*

[¶30.] An agreement concerning attorney's fees should be fairly negotiated between the parties. *Vanderwerff*, 1997 SD 24, ¶18, 561 NW2d at 27. In

#23946

*Vanderwerff*, in addition to holding an attorney's fees provision void because it was "other evidence of debt," we noted:

> In this case, there is no evidence of negotiation between McCance and Vanderwerff on the matter of attorney fees, as the aforementioned clause is in fine print.

*Id.* *Vanderwerff* did not reach the issue of whether the attorney's fees clause was negotiated because it had not been addressed by the circuit court.

[¶31.]    Unlike *Vanderwerff*, the circuit court did address whether the hospital's provision providing for attorney's fees was negotiated. In its memorandum opinion, the circuit court wrote:

> The court would point out that the form is captioned as a "Consent Form" authorizing care and treatment and does not indicate that the fine print contains a contractual agreement to pay attorney's fees. Even the fine print paragraph which contains this clause is captioned as "Billing and Credit Policy" and *gives no indication* that it contains a contractual agreement to pay attorney's fees.
>
> There was no testimony that there was any discussion or negotiation of the attorney's fee clause and *this court concludes that it was extremely unlikely that this clause was negotiated* between the parties in light of the circumstances under which the form was signed (Ashford was seeking medical treatment), the fact that this was a preprinted form, *the fine print used*, and the captions on the page and paragraph *which do not disclose* that there was an agreement to pay attorney's fees contained therein.

[¶32.]    In short, even if this Court holds the "Consent Form" does not constitute "other evidence of debt," we should affirm the circuit court because the form's provision providing for attorney's fees was not negotiated between the parties. In which case, the decision of the circuit court was right even if the majority opinion now concludes it was based on the wrong reason.

-16-